# BARRY I. SIEGEL

ATTORNEY AT LAW

| | | |
|---|---|---|
| BARRY I. SIEGEL+ | 631 EAST PALISADE AVENUE | NEW YORK OFFICE |
| + N.J. & N.Y. BARS | ENGLEWOOD CLIFFS, N.J. 07632 | 3000 MARCUS AVENUE |
| | (201) 569-6989 | SUITE 1E9 |
| | FAX (201) 894-1530 | FAX (201) 894-1530 |
| | | LAKE SUCCESS, NEW YORK 11042 |
| | | (877) 324-7549 |

August 28, 2012

Via Electronic Filing

Clerk, United States District Court
Martin Luther King Building & US Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

Re:   Evans v. Siegel
      Case No. 2:12-CV-00977 SDW-MCA

Dear Sir/Madam:

I am in receipt of a copy of a letter sent by the Law Office of Sander D. Friedman, attorneys for plaintiff, requesting the entry of default against me in this matter. Kindly accept this as my opposition to same.

Plaintiff in this matter filed a Chapter 13 Petition in Bankruptcy prior to the filing of this suit. Counsel, without appointment as special counsel by the Bankruptcy Court, filed this suit in violation of the Bankruptcy Act. He is now in the process of attempting to have the Bankruptcy Court sign an order granting him special counsel status nunc pro tunc as of the date of the filing of the suit. I am opposing this motion.

Counsel had no authority to file the suit, had no authority to serve suit papers on me, had no authority to agree to an extension of time to answer this improperly filed suit, and had no authority to enter into settlement negotiations.

Although counsel filed suit on February 17, 2012, one day shy of the running of the Statute of Limitations (as the retainer agreement between plaintiff and counsel is undated, there is no way to determine when counsel was retained), I was not served with the suit papers until June. No explanation has ever been offered as to why this was so, and perhaps it is irrelevant to my opposition in any case.

Despite the fact that I did and do believe that his suit is without merit, I attempted to see if it could be resolved as the maximum amount recoverable by plaintiff under the Fair Debt Practices

Act is $1,000.00.  And, in the interest of caution, the three Stipulations Extending Time To Answer Or Otherwise Plead were submitted to the Magistrate Judge.

In the interim, because I could not settle this case on my own, it was turned over to my legal malpractice carrier who was also unsuccessful in settling the case.  My adjuster and counsel discussed the third extension of time, and prior to leaving on a week's vacation on August 17, I signed the third Stipulation.  Coming back, I found counsel's letter of August 20 to Magistrate Judge Arleo wherein it was discussed that she would not sign the third extension, and counsel's letter to your office of August 24, 2012, requesting the entry of a default.

As counsel is still not authorized to have filed this suit, his application for the entry of default is unauthorized and should be rejected.  Additionally, even if he is appointed special counsel nunc pro tunc, I submit that he would still need an Order of this Court to validate the prior improper service, and in the interest of justice, counsel should be required to reserve the suit papers.

        Very truly yours,
        /s/ Barry I. Siegel
        Barry I. Siegel

cc:    Law Office of Sander D. Friedman